PEOPLE OF THE STATE OF NEW YORK ex rel. RICCA FOGELHUT, Relator, v. JAMES W. TUOMEY, as Clerk of the Municipal Court of the City of New York, Borough of Brooklyn, Seventh District, Respondent.

Supreme Court, Kings Special Term, July, 1922.

Landlord and tenant — mandamus — new rent laws — successful action for increased rents — appeal — amount to be deposited by tenant to obtain a stay — when clerk of Municipal Court not to issue warrants.

Where a landlord obtains a judgment in an action for increased rent and the tenant appeals he is entitled to a stay pending the appeal on paying into court the amount of the judgment and thereafter the new rental monthly until the determination of the appeal.

It is not necessary for him to deposit the difference between the rental fixed by the judgment and that paid while the case was pending although nearly a year elapsed from the time action was brought until the judgment was rendered.

So an application for a mandamus to the clerk of the Municipal Court of the city

of New York to compel him to issue dispossess warrants because of the tenant's failure to deposit such difference will be denied.

It seems the landlord should start separate actions for each of the months during which the case was pending.

APPLICATION for a mandamus to compel the issuance of warrants in dispossess proceedings.

*Emanuel Mehl,* for relator.

*John P. O'Brien,* corporation counsel (*Joseph P. Reilly,* assistant corporation counsel, of counsel), for respondent.

CROPSEY, J. A landlord brought actions for increased rent which resulted in his favor, the court fixing the reasonable rental at a figure larger than the tenants had been paying. Owing to delays, including time taken on appeal, the judgments were not rendered until a year after the period for which the rent was sought. Upon the entry of the judgments the tenants paid the amounts of them into court and filed notices of appeal. The landlord, claiming the tenants had not done as the law required and were, therefore, not entitled to a stay pending their appeals, applied to the clerk of the Municipal Court for warrants. These the clerk refused to issue. This application seeks a mandamus to compel their issuance. The point is this: The landlord contends that the tenants were obliged to deposit all the rent that would have accrued at the increased rate fixed by the judgments prior to the entry of the judgments. It is conceded that the tenants must deposit rents at the new rates as they accrue for all months subsequent to the entry of judgments until the appeals are determined. It is also conceded that the tenants have paid, pending the trial, the rents at the old rates. This they were required to do to litigate the question of the reasonableness of the landlord's new demands. But they have not paid the difference between the old and new rates for the months intervening the one for which suit was brought and the time of entry of judgment. They contend that is not required. The statute says (Laws of 1921, chap. 434, § 9) that in case of an appeal there shall be no stay unless the defendant deposits " the amount of the judgment, and thereafter monthly until the final determination of the appeal an amount equal to one month's rental computed on the basis of the judgment." This plainly requires the deposits other than the amount of the judgment to be made monthly thereafter. This means *after* the entry of judgment. There is no requirement that the tenant must pay at the new rate for any period prior to the entry of judgment, except for the period covered by the judgment itself. There is no hardship to the landlord in this. He could have started actions for

each month's rent during that intervening period, and if so bring them to trial now. The judgments obtained already will make any defense in the other actions very difficult. Motion denied.

Ordered accordingly.